(Post 11/2015)

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
___Central___ DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 4 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Bobby J. Knight, Jr.
_____

_____
(Name of plaintiff or plaintiffs)

v.

CIVIL ACTION NO. _4:20-cv-186-KGB_
(case number to be supplied by the assignment clerk)

Moaco Auto Body and Paint
Bill Lytle
_____

This case assigned to District Judge _Baker_
and to Magistrate Judge _Deere_

(Name of defendant or defendants)

### COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, _Bobby Knight Jr._____, is a
(name of plaintiff)
citizen of the United States and resides at _9 Sagewood Court_____,
(street address)
_North Little Rock_, _Pulaski_, _Arkansas_, _72118_,
(city)        (county)       (state)       (ZIP)
_501-860-3440_.
(telephone)

3. Defendant, _Moaco & Bill Lytle_____, lives at, or its
(name of defendant)
business is located at _6101 W 65th Street_____, _Little Rock_,
(street address)                              (city)
_Pulaski_, _Arkansas_, _72209_.
(county)   (state)    (ZIP)

4. Plaintiff sought employment from the defendant or was employed by the

defendant at <u>6101 W 65th street</u>, <u>Little Rock</u>,
          (street address)                    (city)
<u>Pulaski</u>, <u>Arkansas</u>, <u>72209</u>.
(county)      (state)          (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about <u>March</u>   <u>14th</u>   <u>2019</u>.
                                                    (month)    (day)    (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about <u>April</u>   <u>15th</u>   <u>2019</u>.
                                                                                    (month)    (day)    (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on <u>December 23rd   2019</u>, a copy of which notice
                                              (month)   (day)   (year)
is attached to this complaint.

8. Because of plaintiff's (1) <u>✓</u> race, (2) <u>✓</u> color, (3) _____ sex, (4) _____ religion, (5) _____ national origin, defendant:

    (a) <u>✓</u> failed to employ plaintiff.

    (b) <u>✓</u> terminated plaintiff's employment.

    (c) <u>✓</u> failed to promote plaintiff.

    (d) _____

_____

_____

_____

_____

9. The circumstances under which the defendant discriminated against plaintiff were

as follows: I was in a general manager position when a district manager position became open. I was never interviewed or offered the job. During this time we also had another general manager spot to open which I recommend we put one of our new salesman (Mitch) in. Bill agreed with my idea and did so. District manager remained unfilled. A few weeks later I went on vacation and upon my return I had one brand new salesman and another saleslady that I had only known for a week. My first day back from vacation was the day my Nanco career changed. continued →

10. The acts set forth in paragraph 9 of this complaint:

(a) _____ are still being committed by defendant.

(b) __✓__ are no longer being committed by defendant.

(c) _____ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) _____ Defendant be directed to employ plaintiff, and

(b) _____ Defendant be directed to re-employ plaintiff, and

(c) _____ Defendant be directed to promote plaintiff, and

(d) __✓__ Defendant be directed to pay remaining salary for last year plus increase given to new manager,

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
SIGNATURE OF PLAINTIFF

On my first day back I spent the majority of the day catching up on paperwork and trying to complete payroll. I met the new salesman briefly. His name was Joel. I introduced myself but didn't talk to him that much at all. The other salesbody was Salina. I had worked with her the previous week. I didn't know her that well. The week before I went on vacation we had a corporate visit so by me being the store GM I mainly dealt with that. While in my office on this day I noticed customers were constantly coming in but not being helped for about an hour straight. My assistant manager Robert was helping customers but Joel and Salina had vanished without telling me. I stop my paperwork and start assisting customers. Finally Salina becomes visible but she is on her cell phone. I later discovered she was on the phone with Nich. Nich is the previous salesman who I recommended to take over the Sherwood store months earlier. Nich eventually pulls up to my shop. I ask why he is there and if he's seen Joel and Salina. He tells me we need to talk. Salina and Joel called Nich saying I was rude. They said I didn't know how to talk to them. This is false because I was in my office and didn't talk to them much at all. Nich says he wants to call Bill Lytle the owner. I tell Bill that I'm being ambushed and it felt racial. Bill told me Nich was the new District manager. I didn't agree because of my longer tenure

and experience. I still continued to work. I thought everything was planned out because it was my first day back from vacation. Once Bill arrived he told me that I scared him saying the situation felt racial and that he added a bonus to my check. I felt like he was trying to buy me. It was only a $100 raise and it was only for one week. I felt disrespected. Also as I was doing payroll I noticed Joel's salary was only $50 less than mines. He came in making $450 plus commission weekly but when I started I got $350 and was told it was not negotiable. During my time I seen Bill send Joey, Joel, Salina, and Nick to OKC for training but never sent myself or Robert. Only whites got that training. He sent Joel 2 or 3 times for training and I felt like he was about to give him my job. Then on March 14th he advised me that he wanted to demote me back to sales. If you check the store's bank records it will show how consistent I was in making him money. My salary was $500 weekly but the very next week after firing me he paid Joel $700 base salary after constantly telling me he couldn't afford to give me a raise. How can he afford to pay the next manager a $200 increase the very next week. By him demoting me and saying he was scared of the race situation is retaliation. He also interviewed employees about racial tension and lied to EEOC and said I never mentioned it. I have a witness to attest to that.

EEOC Form 161 (11/16) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Bobby J. Knight, Jr.<br>9 Sagewood Court<br>North Little Rock, AR 72118 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2019-01138 | Rodney E. Phillips,<br>Investigator | (501) 324-6473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

DEC 2 3 2019
*(Date Mailed)*

Enclosures(s)

cc: Ida Smith
Human Resources
MAACO
8100 North Rockwell Ave.
Oklahoma City, OK 73132

Dylan Botteicher
Attorney
COX, STERLING, MCCLURE & VANDIVER, PLLC
8712 Counts Massie Rd
North Little Rock, AR 72113

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
FAX (501) 324-5991
Website: www.eeoc.gov

Bobby Knight
9 Stagewood Court
North Little Rock, AR 72118


Re: Knight v. MAACO
EEOC Charge No. 493-2019-01138

Dear Mr. Knight:

The enclosed Notice terminates the processing of your charge and gives notice of your right to sue within 90 days. On June 12, 2019, a copy of the Respondent's position statement was electronically sent to you. After receiving your response, all evidence collected during the investigation was thoroughly reviewed. The investigation revealed the following facts:

You alleged that you were denied training, not allowed to hire employees, paid less, and harassed because of your race (Black) and were demoted in retaliation for complaining in violation of Title VII of the Civil Rights Act of 1964, as amended.

The evidence shows you were promoted to an Assistant Manager and then to General Manager. Joey Moore (White) was demoted from shop manager to salesperson from Sherwood in April of 2019. Terrell Jacob (Black) was demoted from district manager to shop manager in April of 2018, then promoted again to district manager, then demoted another time to district manager in November of 2018. Nick Fernow (White) was demoted from district manager to shop manager of Sherwood in April of 2019. You complained about a White worker making a racial reference and Respondent discharged the person. Additionally, evidence shows you were demoted due to customer complaints in March 2019. Respondent only started sending salespeople to be trained for orientation since November of 2018. Nick Fernow went in November 2018, Cody Key, was trained in January 2019, Selena Esry was trained in February of 2019. Joey Moore, was trained in December 2018, Megan, last name unknown, was trained in June of 2019, and Joel Washok was trained in May 2019—all of these individuals are White. As to pay, the evidence shows Respondent had five employees in Sherwood and six in Little Rock. The pay was varied for each with Whites making more than Blacks and Blacks making more than Whites. In conclusion, the evidence shows Respondent also discharged multiple Whites for performance issues.

No further action will be taken by this office regarding your charge of discrimination. The Director's determination in this matter is enclosed. This determination concludes the processing of the charge by the EEOC, but does not affect your right to sue on your own behalf. You may pursue the matter by filing in Federal District Court as explained in the Dismissal and Notice of Rights.

Sincerely,

*Rodney Phillips*

Rodney Phillips
Federal Investigator

DEC 2 3 2019
_____
Date

Enclosure