**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BOBBY J. KNIGHT, JR.**                                               **PLAINTIFF**

**v.**                          **Case No. 4:20-cv-00186-KGB**

**MAACO AUTO BODY AND**
**PAINT,** *et al.*                                               **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is defendants Maaco Auto Body and Paint ("Maaco") and Bill Lytle's (collectively "defendants") motion to dismiss (Dkt. No. 10).  Plaintiff Bobby J. Knight, Jr. filed suit *pro se* in this matter asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") (Dkt. No. 2).  Mr. Knight has not filed a response to defendants' motion to dismiss.  For the following reasons, the Court grants in part and denies in part defendants' motion to dismiss.

I.      **Overview**

A.      **Pending Motion**

Defendants move to dismiss Mr. Knight's complaint pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(5), and 12(b)(6) (Dkt. No. 10).  Defendants maintain that the Court should dismiss Mr. Knight's complaint because Mr. Lytle is not subject to liability under Title VII, Mr. Knight failed to name his employer as a defendant in his complaint, and Mr. Knight failed to serve timely his complaint (Dkt. No. 11, at 1-2).  Defendants request that the Court dismiss Maaco and Mr. Lytle as parties to this action and dismiss without prejudice Mr. Knight's complaint (Dkt. No. 11, at 2-3).

## B.  Facts Alleged In The Complaint

In his complaint, Mr. Knight alleges that defendants failed to promote him and then terminated his employment because of his race and color in violation of Title VII (Dkt. No. 2, at 2).  Mr. Knight contends that he was a general manager at Maaco when a district manager position became available (*Id.*, at 3).  He claims that he was never interviewed for or offered the position of district manager (*Id.*).  Mr. Knight states that there was another general manager position open at the Sherwood store, for which he recommended one of Maaco's "new salesmen" named "Nick" (*Id.*, at 3, 4).  Mr. Knight claims that the district manager position remained unfilled when he left for a vacation (*Id.*, at 3).  Mr. Knight alleges that, upon his return from vacation, a new salesman had been hired whose name was "Joel." (*Id.*, at 3, 4).  Additionally, Mr. Knight claims that another new saleswoman, named "Salina," had been hired the week before he left on his vacation (*Id.*).  Mr. Knight claims that he hardly spoke to either Joel or Salina on the day he returned from a vacation (*Id.*, at 4).

Mr. Knight alleges that on the day he returned, Nick, who had "taken over" the Maaco Sherwood, Arkansas, location came to talk to him and stated that Joel and Salina, the new salespeople, had called him to complain that Mr. Knight was "rude" and "didn't know how to talk to them." (*Id.*).  Mr. Knight claims that Joel and Salina's allegations are "false because I was in my office and didn't talk to them much at all." (*Id.*).  Mr. Knight claims that then "Nick says he wants to call Bill Lytle the owner.  I tell Bill that I'm being ambushed[,] and it felt racial.  Bill told me Nick was the new District manager.  I didn't agree because of my longer tenure and experience."  (*Id.*, at 4-5).

Mr. Knight states that, after that conversation, he continued to work, and he "thought everything was planned out because it was [his] first day back from vacation" (*Id.*, at 5).  Mr.

Knight claims that "once Bill [Lytle] arrived he told me that I scared him saying the situation felt racial and that he added a bonus to my check.  I felt like he was trying to buy me." (*Id*.).  Mr. Knight claims that Mr. Lytle added a bonus of $100 to his paycheck for one week after this conversation (*Id.*).  Mr. Knight claims that he felt "disrespected." (*Id.*).

Mr. Knight alleges that, while doing payroll, he noticed that Joel's salary was only $50 less than his own (*Id.*).  Mr. Knight claims that Joel was being paid $450 plus commission on a weekly basis, but, when Mr. Knight started out as a salesman, he was paid $350 weekly plus commission and was told this was not negotiable (*Id.*).  Mr. Knight claims that Mr. Lytle sent four individuals (Joey, Joel, Salina, and Nick) to Oklahoma City, Oklahoma, for training, but neither he nor his assistant manager (Robert) received any training (*Id.*).  Mr. Knight alleges that "only whites got that training." (*Id.*).  Mr. Knight states that Mr. Lytle sent Joel two or three times for training, and he "felt like [Mr. Lytle] was about to give [Joel] my job" (*Id*.).

Mr. Knight alleges that, on March 14, Mr. Lytle told him that he wanted to demote him back to sales (*Id.*).  Mr. Knight claims that he was "consistent" in "making him money." (*Id.*).  Mr. Knight claims that "the very next week after firing me he paid Joel $700 base after constantly telling me he couldn't afford to give me a raise." (*Id*.).  Mr. Knight claims that "[b]y him demoting me and saying he was scared of the race situation is retaliation.  He also interviewed employees about racial tension and lied to the [Equal Employment Opportunity Commission] and said I never mentioned it." (*Id*.).

Mr. Knight filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a dismissal and notice of rights to sue on December 23, 2019 (*Id.*, at 6).  Mr. Knight filed this lawsuit against Maaco and Mr. Lytle on February 24, 2020, alleging violations of Title VII.  (*Id*.).

## II.      Motion to Dismiss Claims Against Defendant Maaco

Defendants argue that Mr. Knight failed to name the proper defendant in his lawsuit against Maaco because he named "Maaco Auto Body and Paint" as a party defendant instead of "Maaco Little Rock, LLC" (Dkt. No. 11, at 2).

Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure provides that, "[a]n amendment to a pleading relates back to the date of the original pleading when. . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party brought in by amendment:  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).  Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  Relation back under Rule 15 "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

As discussed in section IV of this Order, the 90-day period for issuance and service of process prescribed by Rule 4(m) did not begin in this matter until November 19, 2020.  Both defendants were served and filed their answer within 11 days.  Maaco Little Rock, LLC, received notice of Mr. Knight's filing of a complaint and knew that it was a party to this action.  Rule 15 allows Mr. Knight to amend his complaint to substitute Maaco Little Rock, LLC, for Maaco Auto Body and Paint, and, under Rule 15, the amendment would relate back to the original complaint.  Accordingly, the Court denies defendants' motion to dismiss Mr. Knight's claims against Maaco

and orders Mr. Knight to, within 21 days of the date of this Order, file an amended complaint naming Maaco Little Rock, LLC, as the proper defendant.

### III.     Motion to Dismiss Claims Against Defendant Lytle

Defendants argue that Mr. Knight fails to state claims against Mr. Lytle because he was not Mr. Knight's "employer" under Title VII (Dkt. No. 11, at 1).  A complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1058 (8th Cir. 2013) (quoting *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir.1996) (internal quotation and citation omitted)).

Under Title VII, an employer is prohibited from discriminating against an employee in the terms or conditions of his or her employment based on the employee's race.  42 U.S.C. § 2000e-2(a).  An "employer" within the meaning of Title VII is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 2000e-(b).  The Eighth Circuit Court of Appeals has consistently held that "supervisors may not be held individually liable under Title VII." *Griffin v. Webb,* 653 F.Supp.2d 925, 933 (E.D. Ark. 2009) (quoting *Clegg v. Ark. Dep't of Corr.,* 496 F.3d 922, 931 (8th Cir. 2007) (quoting *Schoffstall v. Henderson,* 223 F.3d 818, 821 n.2 (8th Cir. 2000))).  Additionally, other courts have rejected arguments that an individual's ownership interest provides a legal basis for individual liability under Title VII.  *See Harris v. Heritage Home Health Care,* 939 F.Supp.2d 793, 800 (E.D. Mich. 2013) (rejecting argument that individual defendants could be liable under Title VII based on their status as owners and agents); *Parada v. Great Plains Int'l of Sioux City, Inc.,* 483 F.Supp.2d 777, 784, 792 (N.D. Iowa 2007) (dismissing individual Title VII claims against president and

shareholder of the corporate defendant); *Dague v. Jason's Deli*, Case No. 4:13-cv-00627-KGB, 2014 WL 4105403, at *1-2 (E.D. Ark. Aug. 20, 2014) (dismissing individual with ownership interest in the franchise where plaintiff was formerly employed); *Humphreys v. Med. Towers,* 893 F.Supp. 672, 688 (S.D. Tex. 1995) (finding that individual defendant could not be personally liable under Title VII even though he was sole shareholder and president of the managing and general partner company of plaintiff's employer, the operation of which the individual defendant controlled).

It is unclear from Mr. Knight's complaint whether Mr. Lytle was Mr. Knight's supervisor or whether he is an "owner" of the business, but, because Title VII applies solely to employers and not to either supervisors or owners, Mr. Lytle may not be held individually liable under Title VII. Based on the facts alleged in the complaint, the Court grants Mr. Lytle's motion to dismiss Mr. Knight's Title VII claims against him.

## IV.   Motion to Dismiss Under Federal Rule of Civil Procedure 4(m)

Defendants move to dismiss Mr. Knight's claims for failing to serve defendants within the time prescribed by Rule 4(m) (Dkt. No. 10, ¶ 6).  Under Rule 4(m), a court "must dismiss [an] action without prejudice against the defendant or order that service be made within a specified time" if the defendant was not "served within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

A court must determine whether leave to proceed *in forma pauperis* should be granted before issuance and service of process.  *Gentile v. Mo. Dept. of Corrections and Human Resources*, 986 F.2d 214, 217 (8th Cir. 1993).  After a court grants *in forma pauperis* status and after the court

determines that the complaint is not frivolous or malicious, then it must "issue and serve all process and perform all duties" in the case.  28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Defendants argue that Mr. Knight failed to serve both Maaco and Mr. Lytle within the 90-day period prescribed by Rule 4(m) (Dkt. No. 11, at 2).  On November 19, 2020, this Court, after granting Mr. Knight's motion to proceed *in forma pauperis* and screening the complaint, directed the United States Marshal to serve defendants (Dkt. No. 5).  Summons were issued pursuant to the Court's Order, and both defendants were served by certified mail on November 23, 2020 (Dkt. No. 7-8).  Defendants filed their answer on November 30, 2020 (Dkt. No. 6).

The Marshal served defendants, and defendants filed their answer to Mr. Knight's complaint within 11 days of this Court granting Mr. Knight's motion to proceed *in forma pauperis*. Because the Court can, for good cause, expand the time for service under Rule 4(m) and because defendants were served within 90 days after the Court granted Mr. Knight's motion for leave to proceed *in forma pauperis* and ordered that the Clerk issue summonses to be served by the Marshal, the Court hereby expands the time for service of the complaint in this case and denies defendants' motion to dismiss Mr. Knight's complaint on this ground under Rule 4(m).

## V.     Conclusion

For the forgoing reasons, the Court grants in part and denies in part defendants' motion to dismiss (Dkt. No. 10).  The Court denies defendants' motion to dismiss the claims against Maaco for Mr. Knight's failure to name properly the defendant in the complaint.  The Court orders Mr. Knight to, within 21 days of the date of this Order, file an amended complaint naming Maaco Little Rock, LLC, as the proper defendant.  The Court grants defendants' motion to dismiss all claims against Mr. Lytle and dismisses without prejudice Mr. Knight's Title VII claims against Mr. Lytle.

The Court denies defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 4(m) and hereby expands the time for service of the complaint in this case.

So ordered this the 16th day of September, 2021.

Kristine G. Baker
United States District Judge