IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BOBBY J. KNIGHT, JR.**                                                                                                          **PLAINTIFF**

**v.**                           **Case No. 4:20-cv-00186-KGB**

**MAACO LITTLE ROCK, LLC[1]**                                                               **DEFENDANT**

## OPINION AND ORDER

Plaintiff Bobby J. Knight, Jr., brings this action *pro se* pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for employment discrimination and retaliation. In his complaint, Mr. Knight alleges that defendant Maaco Little Rock, LLC ("Maaco") terminated his employment and failed to promote him because of his race and color (Dkt. No. 2). Before the Court is Maaco's motion for summary judgment (Dkt. No. 26). Mr. Knight has not responded to the motion for summary judgment, and the time for doing so has passed. For the following reasons, the Court grants Maaco's motion for summary judgment and enters judgment in Maaco's favor on Mr. Knight's claims.

**I.**     **Factual Background**

Mr. Knight has not responded to Maaco's statement of facts, and the time for doing so has passed. In his complaint, Mr. Knight alleges that defendants failed to promote him and then terminated his employment because of his race and color in violation of Title VII (Dkt. No. 2, at 2). Mr. Knight contends that he was a general manager at Maaco when a district manager position became available (*Id.*, at 3). He claims that he was never interviewed for or offered the position of district manager (*Id.*). While the district manager role was still unfilled, a general manager

---

[1] The Clerk of the Court is instructed to terminate Maaco Auto Body and Paint as a defendant. Pursuant to the Court's Order and the amended complaint, Maaco Little Rock, LLC is the proper defendant in this case (Dkt. Nos. 15; 18).

position at a different Maaco location in Sherwood, Arkansas, became open (*Id.*).  Mr. Knight recommended a salesperson who could fill the vacant position to Maaco's owner, Bill Lytle (*Id.*).[2] Although not specified in his complaint, Mr. Knight claims that this salesperson, who was white, was eventually promoted to the still open district manager position, even though Mr. Knight believed himself to be more qualified due to his experience (*Id.*).  Mr. Knight does not directly assert that race influenced Maaco's decision not to promote him to district manager.  Further, Mr. Knight did not assert failure to promote him to district manager in the Charge of Discrimination that he file against Maaco with the Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 26-2).

In his complaint Mr. Knight states that, on his first workday after returning from a vacation, Mr. Knight received complaints from two new sales employees, both of whom were white, that he was rude in his interactions with them (Dkt. No. 2, at 4).  Mr. Knight doubted these claims primarily because he had minimal interaction with either employee (*Id.*).  Given the timing of the complaints and his suspicions regarding their legitimacy, Mr. Knight believed that they were pre-planned and racially motivated (*Id.*).  Mr. Knight states that he discussed this with Mr. Lytle and that Mr. Lytle became "scared" at Mr. Knight's assertion that "the situation felt racial" (*Id.*, at 5).  Mr. Knight asserts that, in response, Mr. Lytle offered Mr. Knight a bonus on his next check, which Mr. Knight perceived as an attempt to "buy" him (*Id.*).

---

[2] It is unclear from the record whether Mr. Lytle is also the owner of, or has any relation to, the Sherwood Maaco location mentioned in Mr. Knight's complaint.  Mr. Lytle's declaration only states that he is the owner and operator of Maaco Little Rock (Dkt. No. 26-3).

After these events, Mr. Knight alleges that Maaco treated him differently than other employees, particularly compared to one white salesperson, Joel.³  Mr. Knight claims that Maaco paid Joel $100 more per week than what it paid Mr. Knight when he initially began working as a salesperson and that, as a manager, Maaco paid Mr. Knight only $50 more per week than Joel (*Id.*). Mr. Knight also alleges that Mr. Lytle sent Joel to Maaco training in Oklahoma City "two or three times" in preparation for him to assume the manager role that Mr. Knight held (*Id.*).  Mr. Knight further states that Mr. Lytle sent only white employees to the training sessions in Oklahoma City (*Id.*).  On March 14, 2019, Mr. Lytle demoted Mr. Knight from his position as general manager to a sales position.  According to Mr. Knight, Joel was subsequently offered the general manager position at salary of $700 per week (*Id.*).  In comparison, Mr. Knight claims that his salary as a manager was only $500 per week and that he was repeatedly denied a raise by Mr. Lytle (*Id.*).

Mr. Knight filed a Charge of Discrimination with the EEOC, and the EEOC issued a Dismissal and Notice of Rights on December 23, 2019 (*Id.*, at 6).  Mr. Knight filed this lawsuit against Maaco and Mr. Lytle on February 24, 2020, alleging violations of Title VII (*Id.*).  The Court later dismissed Mr. Lytle from the lawsuit (Dkt. No. 15, at 7).

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Maaco served Mr. Knight with requests for admission, which he received on July 20, 2021 (Dkt. No. 26-1). Fed. R. Civ. P. 36.  Mr. Knight did not provide any written answers or objections to the requests, and the time for responding to the requests for admission has passed.  The Court deems the matters included in Maaco's requests for admission admitted due to Mr. Knight's failure to respond within 30 days after being served.  Fed. R. Civ. P. 36(a)(3).

---

³ This salesman is only referred to as "Joel" in Mr. Knight's complaint.  Additionally, Joel was one of the two white sales employees mentioned in an earlier paragraph who submitted a complaint regarding Mr. Knight's rudeness (Dkt. No. 2).

Additionally, Mr. Knight has not filed a response admitting or denying the facts in Maaco's statement of facts as required by Local Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Accordingly, the Court accepts as true Maaco's statement of facts, where supported by the record or not specifically contested by Mr. Knight to resolve this motion. *See Robinson v. American Red Cross*, 753 F.3d 749, 754-744 (8th Cir. 2014).

The Court assumes the following facts as true for purposes of Maaco's motion for summary judgment (Dkt. No. 27). Maaco never denied Mr. Knight training because of his race (Dkt. No. 27, ¶ 2). Maaco demoted Mr. Knight due to customer complaints, and Maaco employees repeatedly complained about Mr. Knight's poor management abilities (Dkt. No. 27, ¶¶ 6, 11). Furthermore, Maaco terminated or demoted white employees for performance issues similar to the ones that led to Mr. Knight's alleged termination (Dkt. No. 27, ¶ 10). Maaco did not pay Mr. Knight less because of his race (Dkt. No. 27, ¶ 8). Mr. Knight resigned from his position rather than being terminated as alleged in his complaint (Dkt. No. 27, ¶ 9). Maaco never harassed Mr. Knight because of his race, and Mr. Knight never complained to Maaco about being treated differently because of his race (Dkt. No. 27, ¶¶ 4, 12).

**II.      Standard of Review**

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the

dispute must be outcome determinative under the prevailing law." *Hollway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc). Accordingly, this Court applies the same summary judgment standard to discrimination cases as it does to all others.

### III.    Failure To Exhaust Administrative Remedies

In its brief in support of its motion for summary judgment, Maaco argues that Mr. Knight inappropriately brings claims in this lawsuit not brought in his Charge of Discrimination filed with the EEOC (Dkt. No. 28, at 4). Specifically, Maaco asserts that Mr. Knight's Charge of Discrimination does not mention that he suffered retaliation or that Maaco wrongfully terminated his employment (*Id.*). Under Title VII, an employee must exhaust administrative remedies before filing a lawsuit in federal court. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). This process is meant to provide the EEOC the first opportunity to investigate discriminatory practices and enables the EEOC to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. *Id.* "A plaintiff will be deemed to have exhausted

administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Id.* While an administrative charge can be "liberally construe[d], . . . there is a difference between liberally reading a claim which lacks specificity, and inventing . . . a claim which simply was not made." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (citation omitted).

Regarding Mr. Knight's claim of retaliation, Maaco argues that Mr. Knight did not check the discrimination based on retaliation box located on his Charge of Discrimination form and that none of his allegations in the Charge centered on retaliatory actions (Dkt. No. 28, at 4). Indeed, Mr. Knight did not check the box for retaliation (Dkt. No. 26-2). However, the description Mr. Knight provides in his Charge of Discrimination mentions that he believed he "was demoted in retaliation for opposing the actions . . ." he saw as discriminatory (*Id.*). While Mr. Knight's Charge of Discrimination does not differentiate which actions he believes were discriminatory from those that were retaliatory, the allegation of retaliation is reasonably related to the substance of the race discrimination claim. Therefore, the Court declines to dismiss Mr. Knight's retaliation claim based on failure to exhaust, as doing so would be grounded in the mere technicality that Mr. Knight neglected to mark the retaliation box on his Charge of Discrimination. *See Williams*, 21 F.3d at 223.

Conversely, the Court dismisses Mr. Knight's claims for wrongful termination because Mr. Knight does not mention termination in his Charge of Discrimination. Mr. Knight only goes so far as to allege that his demotion from general manager was retaliatory. Mr. Knight does not allege that Maaco terminated his employment. Additionally, the Court dismisses Mr. Knight's claims that Maaco failed to promote him due to his race. In his complaint, Mr. Knight mentions a vacant district manager position that he was not interviewed for or offered and his belief that he was more

6

qualified for the role than the other general manager ultimately given the job (Dkt. No. 2, ¶ 9). In his Charge of Discrimination, however, Mr. Knight does not mention the district manager position or any related details. Consequently, any claim based on failure to promote is outside the scope of what Mr. Knight originally included in his Charge of Discrimination.

Finally, the Court dismisses any claim from Mr. Knight that Maaco discriminated against him based on color. The only aspect of Mr. Knight's complaint that involves color discrimination is that he listed it as one of Maaco's alleged reasons for discrimination (Dkt. No. 2, ¶ 8). "Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual." *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 135 (4th Cir. 2002); *see Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008) (same). Multiple courts, including those in the Eighth Circuit, have held that a plaintiff who only alleges race discrimination in an EEOC charge has not exhausted a claim for color discrimination. *See, e..g.*, *Jackson v. Minnesota Dep't of Hum. Servs.*, No. 20-CV-749 (ECT/TNL), 2021 WL 1111075, at *6 (D. Minn. Mar. 23, 2021). Here, not only did Mr. Knight not check the box for color discrimination, but his Charge of Discrimination lacks any allegation related to his skin's complexion, hue, shade, or tone. Therefore, construing Mr. Knight's Charge as alleging color discrimination would be to "invent[ ] . . . a claim which simply was not made." *Sellers*, 791 F.3d at 943 (citation omitted); *see also Jackson*, 2021 WL 1111075, at *6.

In sum, Mr. Knight did not exhaust his administrative remedies with the EEOC with respect to his claims regarding wrongful termination, failure to promote to district manager, and discrimination based on color. Accordingly, Maaco is entitled to summary judgment on Mr. Knight's claims related to these issues.

### IV. Legal Standard For Discrimination Claims

Mr. Knight can establish a *prima facie* case of discrimination by providing direct evidence of discrimination or by creating an inference of unlawful discrimination under the three-step analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *Bone v. G4S Youth Services, LLC*, 686 F.3d 948, 953 (8th Cir. 2012).

#### A. Direct Evidence

Direct evidence is evidence "showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the adverse employment action. *Torgerson*, 643 F.3d at 1044 (quoting *Thomas v. First Nat'l Bank of Wynne*, 111 F.3d 64, 66 (8th Cir. 1997)). This means that "direct" refers to the causal strength of the proof, not whether it is "circumstantial" evidence. *Id.* A plaintiff with sufficient direct evidence that illegal discrimination motivated the employer's adverse action does not need the three-part *McDonnell Douglas* analysis to get to the jury, irrespective of whether his strong evidence is circumstantial. *Id.* "To be entitled to direct evidence analysis, the plaintiff must present evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Rivers-Frison v. Se. Mo. Cmty. Treatment Ctr.*, 133 F.3d 616, 619 (8th Cir. 1998) (internal quotation marks omitted).

#### B. *McDonnell Douglas*

If a plaintiff lacks direct evidence, "he must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Torgerson*, 643 F.3d at 1044. Under the *McDonnell Douglas* analysis, "the plaintiff bears the burden of establishing a *prima facie* case of discrimination."

*McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007). If a plaintiff makes out a *prima facie* case, he creates a presumption of unlawful discrimination, and the burden shifts to the employer to come forward with evidence of a legitimate, nondiscriminatory reason for its actions. *Id.* at 577-78. If the employer articulates such a reason, the burden returns to the plaintiff to show the employer's proffered reason is pretextual and that unlawful discrimination was the true reason for the adverse employment action. *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 990 (8th Cir. 2011). Pretext may be demonstrated by different means. *See, e.g., Roxas v. Presentation College*, 90 F.3d 310, 316 (8th Cir. 1996).

V.     **Analysis Of Race Discrimination Claims**

Mr. Knight presents no direct evidence supporting his claims of race discrimination. Accordingly, the Court will proceed through the *McDonnell Douglas* analysis. Mr. Knight alleges race discrimination based on the purported difference in training and pay that he claims to have received compared to alleged similarly situated employees and based on alleged harassment he asserts he endured because of his race. The Court examines these claims applying the *McDonnell Douglas* analysis.

To establish a *prima facie* case of race discrimination based on complaints of different treatment, Mr. Knight must show that: "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012)). Maaco does not dispute that Mr. Knight is a member of a protected class (Dkt. No. 28, at 6). To the extent Mr. Knight suffered an adverse employment action, Maaco admits that it

9

demoted Mr. Knight from his position as general manager (Dkt. No. 27). Maaco offers the declaration of Mr. Lytle, who states that Maaco never denied Mr. Knight training nor paid him less because of his race (Dkt. No. 26-3, ¶¶ 6, 14). Mr. Lytle's declaration also states that Maaco demoted Mr. Knight because he was not performing well as a manager and that Mr. Lytle had previously demoted or terminated white managers when they did not perform well (Dkt. No. 26-3, ¶¶ 11, 13). Additionally, Mr. Lytle states that Mr. Knight never complained about being treated differently due to his race (Dkt. No. 26-3, ¶ 8). Mr. Knight has not come forward with evidence to challenge Mr. Lytle's sworn statement.

Maaco is entitled to judgment as a matter of law in its favor on Mr. Knight's race discrimination claims arising from his allegations of different treatment and harassment. Mr. Knight has provided no rebuttal to Mr. Lytle's declaration that Maaco did not deny training, pay a lower salary, or demote Mr. Knight because of his race. Although Mr. Knight's complaint alleges factual allegations to infer that Maaco discriminated against him, Mr. Knight may not rest merely on the allegations in his pleadings to defeat Maaco's motion for summary judgment. *See Buford*, 747 F.2d 447. Even if Mr. Knight could establish a *prima facie* case of race discrimination regarding his demotion, Maaco has articulated a legitimate, nondiscriminatory reason for the adverse employment action, that Mr. Knight was not performing well as a manager. Again, Mr. Knight has not come forward with any evidence to overcome Maaco's evidence that it demoted Mr. Knight due to Mr. Knight's poor performance as a manager and Maaco's evidence that it demoted white general managers for similar performance issues. Accordingly, the Court grants Maaco's motion for summary judgment as to Mr. Knight's race discrimination claims.

### VI.     Analysis Of Retaliation Claim

Title VII makes it unlawful for an employer to discriminate against its employees for opposing any unlawful employment practice. 42 U.S.C. § 2000e-3(a); *see also Guimaraes v. Supervalu, Inc.*, 674 F.3d 962, 977 (8th Cir. 2012). Mr. Knight alleges retaliation from Mr. Lytle "demoting me and saying he was scared of the race situation." (Dkt. No. 2, ¶ 9). The Eighth Circuit Court of Appeals applies the retaliation provisions of § 2000e-3(a) broadly to cover opposition to employment actions that are not unlawful, as long as the employee acted with a good faith, objectively reasonable belief that the practices were unlawful. *Guimaraes*, 674 F.3d at 977-78; *see also Blomker v. Jewell*, 831 F.3d 1051, 1059 (8th Cir. 2016).

The Court evaluates Mr. Knight's Title VII retaliation claim under the *McDonnell Douglas* burden-shifting framework. *Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 880 (8th Cir. 2014). To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in statutorily protected conduct; (2) he suffered an adverse employment action; and (3) a causal connection exists between the two. *Id.*, at 880 (quoting *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 702 (8th Cir. 2006)). Unlike Title VII discrimination claims, for an adverse retaliatory action under Title VII to be "because" a plaintiff opposed an employment action, the plaintiff must plausibly allege that the retaliation was a "but-for" cause of the employer's adverse action. *Blomker*, 831 F.3d at 1059. It is not enough that retaliation was a "substantial" or "motivating" factor in the employer's decision. *Id*. If the plaintiff makes this *prima facie* showing, the employer "must then rebut it 'by presenting evidence of a legitimate, non-retaliatory reason for the action it took against [the plaintiff].'" *Fiero*, 759 F.3d at 880 (quoting *E.E.O.C. v. Kohler*, 335 F.3d 766, 772-73 (8th Cir. 2003)). "If [the employer] satisfies this burden, [the plaintiff] is 'then obliged to present evidence that (1) creates a question of fact as to whether [the employer's] proffered reason was pretextual and (2)

creates a reasonable inference that [the employer] acted in retaliation.'" *Id.* (quoting *Smith v. Allen Health Sys., Inc.*, 3-2 F.3d 827, 833 (8th Cir. 2002)).

Mr. Knight fails to establish a *prima facie* case of retaliation because he has not come forward with evidence indicating that he engaged in statutorily protected conduct. By not responding to Maaco's requests for admission or its statement of facts, the Court determines that Mr. Knight admits that he never complained to Maaco about being treated differently because of his race (Dkt. No. 27, ¶ 12). Therefore, the evidence does not support a reasonable juror finding that Mr. Knight's alleged complaints were the "but-for" cause, or even a motivating cause, of his demotion from the Maaco general manager position. Even if Mr. Knight satisfied the requisite elements for a *prima facie* showing of retaliation, he has not come forward with any evidence to counter Maaco's legitimate, nondiscriminatory reasons for its decision to demote him (Dkt. No. 27, ¶ 6). Maaco is therefore entitled to summary judgment on Mr. Knight's retaliation claim.

### VII. Conclusion

For these reasons, the Court grants Maaco's motion for summary judgment and enters judgment in favor of Maaco on Mr. Knight's claims (Dkt. No. 26). The Court denies as moot defendants' motion for sanctions and motion *in limine* (Dkt. Nos. 24, 32). Mr. Knight's claims are hereby dismissed with prejudice. Judgment will be entered accordingly.

So ordered this 15th day of August, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge